[No. 20111.    In Bank. — May 25, 1886.]

IN THE MATTER OF THE APPLICATION OF G. F. LAW-RENCE, ON HABEAS CORPUS.

LIQUOR LICENSE — SUPERVISORS MAY IMPOSE — COLLECTION OF — APPOINT-MENT OF PERSON TO COLLECT. — The board of supervisors of a county has power, under sections 11 and 12 of article 11 of the constitution, to regulate the sales of vinous and spirituous liquors within the county by the imposition of a license tax, and to provide for its collection; such power includes the authority to appoint a suitable person, such as the tax collector of the county, to collect the tax.

ID. — SEPARATE LICENSES FOR COUNTY AND CITY. — A person carrying on the business of a liquor dealer in a city within the county is not exempted from the payment of such a license tax duly levied by the board of supervisors by reason of the fact that he has paid a license tax of a similar kind in pursuance of an ordinance enacted by the municipal authorities of the city.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion.

*S. W. Geis,* and *P. D. Wigginton,* for Petitioner.

*T. A. Caldwell,* for Respondent.

FOOTE, C.—The petitioner was arrested on a warrant issued from a Justice's Court of Stanislaus County on a charge of misdemeanor, under section 435, Penal Code, and is held in custody under that warrant by the sheriff of said county.

He was alleged to be carrying on the business of a liquor dealer without having first procured a license authorizing him so to do, as required by an ordinance of the board of supervisors of said county.

It is admitted that he is carrying on that business in the city of Modesto and county aforesaid, and that he has not paid the license required by said county ordinance.

He contends, that having paid a license tax as liquor dealer to the corporate authorities of said city, by virtue of an ordinance thereof, that he cannot legally be required to pay any to the county.

The board of supervisors of Stanislaus County passed an ordinance in due form on the sixth day of October, 1884, which, among other things, declared that, "every person who sells spirituous, malt, or fermented liquors or wines in less quantities than one quart, must obtain a license from the collector, as prescribed in this order, and make therefor the following payments": —

"Those making sales to the amount of two thousand five hundred dollars and over constitute the first class, and must pay a license tax of forty dollars per quarter.

"Those making sales of less than two thousand five hundred dollars as a monthly average constitute the second class, and must pay a license tax of twenty dollars per quarter.

"Every person who, at any fixed place of business, sells any goods, wares, or merchandise, wines, or distilled liquors, drugs, or medicines . . . . must obtain from the tax collector of this county, and for each branch of such business, license, and pay quarterly therefor an amount to be determined by the class in which such person is placed by the tax collector. . . . . All licenses herein provided for (except as otherwise provided) must be procured from the tax collector for not less than three months, in advance."

It does not therefore appear at all doubtful that the

ordinance designated the tax collector of Stanislaus County as the officer to whom license taxes could be paid, and from whom licenses could be obtained by those obligated to do so, under and by virtue of the provisions of that ordinance.

The power of boards of supervisors, under section 12, article 11, of the constitution of California, and the statutes of 1883, p. 299, to impose a license tax and to provide for its collection, has been held by this court to include the power to appoint a suitable person to collect such taxes, and therefore, if it chose to designate the tax collector of the county as such person, it had the legal and constitutional right to do so. (*People* v. *Ferguson*, 65 Cal. 288.)

In the case of *Ex parte Wolters*, 65 Cal. 269, it was declared that, under section 11, article 11, of the constitution of California, the board of supervisors of a county had the right to regulate the sales of vinous and spirituous liquors within the county, by the imposition of a license tax.

In the case of the *People* v. *Martin*, 60 Cal. 153–155, it was said, in relation to a license tax, that "the power to impose such taxes for such purposes, in our opinion, no longer remains with the legislature; but the constitution expressly gives it the power by general laws to vest in the corporate authorities of the counties, cities, towns, or other public or municipal corporations, the power to assess and collect taxes for those purposes."

The fact that the petitioner here has, under a valid ordinance of the city of Modesto, paid a license tax as a liquor-dealer, which ordinance was authorized to be enacted under the statutes of 1885, p. 127, by the corporate authorities of said city, the same being of the sixth class, does not, in our judgment, exempt him from paying a tax also of such kind to the county of Stanislaus, properly levied, as in this case, by the board of supervisors thereof, under the constitutional provisions cited *supra*, and the act of 1883, p. 299.

The ordinance under which he was obligated to pay this tax was a "law of this state" in the sense in which those words are used in section 435 of the Penal Code, and therefore under that statute the petitioner could be prosecuted for a misdemeanor.

The writ should be dismissed and petitioner remanded.

BELCHER, C. C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the writ is dismissed and petitioner remanded.

MORRISON, C. J., MYRICK, J., SHARPSTEIN, J., and THORNTON, J., concurred.