[No. 21049. In Bank.—March 29, 1894.]

## Ex parte E. C. MASON on Habeas Corpus.

LICENSE TAX—SALE OF LIQUORS—UNAUTHORIZED ARREST—HABEAS CORPUS.—A county is not authorized to impose a license tax for the mere act of selling intoxicating liquors, and when its ordinance does not purport to impose a license tax upon the business of selling such liquors, but merely upon the act of selling it, one who refuses or fails to take out a license for such act cannot be lawfully arrested upon a penal charge of carrying on the business without a license, and should be discharged upon *habeas corpus.*

WRIT of *habeas corpus* against the sheriff of Merced county.

The facts are stated in the opinion of the court.

*James F. Peck, F. H. Gould, J. C. Law,* and *J. H. Mc-Cabe,* for Petitioner.

*Frank H. Farrar, contra.*

The COURT.—The petitioner is held in the custody of the sheriff of Merced county, by virtue of having been arrested upon a warrant issued by a justice of the peace, on the complaint of one Turner that the petitioner was guilty of the crime of "carrying on a business for the carrying on of which a license is required by a law of this state, without taking out or procuring the license prescribed by such law; that is to say, said crime was committed as follows, and not otherwise: The said E. C. Mason did, on the ninth day of September, 1883, at and in the county of Merced, state of California, willfully and unlawfully engage in the business of selling whiskey, a spirituous liquor, and did then and there sell whiskey in said business for purposes other than medicinal, and for the purposes of being drunk by the purchaser as a beverage, and at said time there was in full force and effect an ordinance of the county of Merced." (Then setting forth a copy of the entire ordinance.)

In *Merced County* v. *Helm and Nolan,* just decided, *ante,* p. 159, the sufficiency of the same ordinance was involved, and we there held that the ordinance is a revenue measure which purports to have been adopted under the authority conferred upon the county in subdivision 27 of section 25 of the County Government Act (statutes of 1891, page 306); that under the power thus conferred the right of the county to require the procurement of a license, and the payment of a license tax, is limited to "every kind of business not prohibited by law, and transacted and carried on within the county"; that it does not confer upon the county the right to exact a license tax for the mere act of "selling" any commodity, and that, as the ordinance does not purport to impose a license tax for the "business" of selling spirituous liquors, there can be no liability to the county

for the amount of the license tax by reason of having engaged in such business.

The ordinance in question does not attempt to prohibit the sale of spirituous liquors, or to impose any penalty for such sale, if made in violation of the terms of the ordinance, or without having first procured a license, so that the right of the county to make such prohibition, or to inflict a punishment for making a sale in violation of a prohibition, is not involved in this proceeding.

The charge against the defendant is that of " carrying on a business for the carrying on of which a license is required by the law of this state, without taking out or procuring the license prescribed by such law." Unless, therefore, there is some law of the state which requires such license, there is no authority for the arrest and detention of the petitioner. The ordinance in question does not purport to impose a license tax upon the business of selling whiskey, and, as the county was not authorized to require a license tax for the mere act of selling whiskey, its provisions to that effect do not authorize his arrest for the failure to take out such license. The averment in the complaint that he sold the whiskey for the purpose of being drunk by the purchaser as a beverage is immaterial, as the ordinance makes no distinction between the purposes for which a sale may be made, if they are other than medicinal.

The petitioner is discharged.

BEATTY, C. J., dissented.