[Crim. No. 3.   In Bank.—March 13, 1895.]

## Ex Parte JOHN H. MANSFIELD, on Habeas Corpus.

Regulation of Liquor Traffic—Police Power — Conflict Between County and Municipal Ordinance. — Where there is a conflict in terms between an ordinance of an incorporated town and an ordinance of the county in the regulations prescribed for the carrying on of the business of selling intoxicating liquors, in the exercise of the police power, the ordinance of the town has superior force within its municipal limits.

Id.—License for Revenue—Power of County.—It is within the power of a county to license for revenue the business of liquor dealing, and to collect such license from those doing business within the territorial limits of towns and cities inside of its boundaries.

Id.—Penalty of Ordinance Conflicting with Penal Code.—Where the penalty imposed for the violation of a county ordinance licensing the business of liquor dealing conflicts with the provisions of the Penal Code, the penal clause of the ordinance is void, but that does not destroy the whole of the section declaring the sale of liquor without a license to be unlawful.

Id.—Pleading—Conclusion Against Statute — Complaint Referring to Penal Clause of Ordinance—Punishment Under Penal Code. While the rule is in force in this state requiring the conclusion of an indictment or information to be against the form of the statute, yet this rule is not made applicable by the Penal Code to complaints for misdemeanors in justices' and police courts; and it is sufficient that such complaint sets forth the offense charged, with such particulars of time, place, person, and property, as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint, and it is not essential that such complaint should include a conclusion contrary to the form of the statute, and the fact that it includes a conclusion contrary to the provisions of a county ordinance does not tend to the prejudice of the substantial rights of the defendant, but the defendant may be punished, under the Penal Code, upon conviction of the offense.

Hearing in the Supreme Court upon a writ of habeas corpus.

The facts are stated in the opinion of the court.

*Warren Sexton,* *J. D. Sproul,* and *Park Henshaw,* for Petitioner.

The ordinance requires a license for sales only, and in this respect is beyond the authority of the board of

supervisors. (*Merced County* v. *Helms*, 102 Cal. 159; *Ex parte Mason*, 102 Cal. 171.) The ordinance is regulatory, and is therefore beyond the power of the board of supervisors. (*Ex parte Roach,* 104 Cal. 272.) The county ordinance attempting to regulate a business within a town in the county is illegal and void. (*Ex parte Roach, supra.*) Section 5 of the ordinance is in conflict with sections 19 and 435 of the Penal Code. (*Ex parte Sic,* 73 Cal. 142.) Section 5 of the ordinance being in conflict with the code, and the complaint having been made under the ordinance, there is nothing to support it, and it must fall. (*Ex parte Sic, supra.*)

*H. V. Rearden,* for Butte county.

HENSHAW, J.—Petitioner was convicted in Butte county under a complaint charging him with carrying on the business of selling distilled, fermented, malt, vinous, and other spirituous liquors, without having first procured a license so to do, contrary to the provisions of ordinance No. 124, Butte county ordinances, entitled " An ordinance to regulate the business of selling liquors in Butte county, California, to provide for licensing the same, and for the revocation of such licenses in certain cases, and prescribing penalties for the violation thereof." The ordinance is pleaded in full in the complaint. Defendant was sentenced to pay a fine of one hundred and fifty dollars, and in default of payment to be imprisoned in the county jail of Butte county in the proportion of one day's imprisonment for every dollar of the fine.

Ordinance 124 provides as follows:

" SECTION 1. Every person who in any saloon, bar, inn, tavern, hotel, tippling-place, or other public place, sells or gives away any distilled, fermented, malt, vinous, or other spirituous liquors or wines, in less quantities than one quart, must obtain a license from the tax-collector as prescribed in this ordinance, and make therefor the following payments." Saloons, bars, inns,

taverns, hotels, tippling-places, or other public places located in cities, towns, villages, or hamlets, constitute the first class, and are required to pay fifty dollars per month license; others constitute the second class, and are required to pay the sum of twenty-five dollars per month.

Section 4 of said ordinance provides for certain restrictions upon the issuance of these licenses, requiring as a prerequisite a written recommendation signed by at least ten out of twenty responsible freeholders, residing or doing business of a permanent or respectable character nearest the place where the said applicant or applicants propose to carry on said business, together with a bond in the penal sum of two thousand dollars, conditioned, etc.   Section 5 provides:

" SEC. 5.   It shall be unlawful for any person or persons to engage in or carry on, within the corporate limits of the county of Butte, the business of selling or giving away any distilled, fermented, malt, vinous, or other spirituous liquors or wine, either in their own names and for their own profit and benefit, or as agents or employees for any other person or persons, unless said person or persons, their principals or employers, shall first procure from the tax-collector a license so to do.   And if such person or persons, either for themselves or as agents or employees, or otherwise, shall engage in or carry on said business without having first procured such license, he, she, or they, for each violation of this ordinance, shall be deemed guilty of a misdemeanor, and upon conviction by any court having jurisdiction thereof shall be punished by a fine not less than one hundred and fifty dollars, and not exceeding five hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."

By subdivision 27 of section 25 of the County Government Act (Stats. 1891, p. 306) power is given to the boards of supervisors " to license for the purposes of regulation and revenue all and every kind of business not prohibited by law, and transacted and carried on in

the county; to fix the rates of license tax upon the same, and to provide for the collection of the same by suit or otherwise."

The defendant, it is conceded, was carrying on his business in the incorporated town of Chico. This town, by its own ordinance, had fixed rates of license, and prescribed regulations for the conduct of the business in which defendant was engaged, and it is averred and not denied that defendant had complied with all the terms and requirements of such town ordinance, and was doing his business in conformity with the town ordinance, and under a license issued to him by said town.

The ordinance under consideration undertakes to license, not only for the purpose of regulation, but as well for the purpose of revenue.

If there be a conflict in terms between the ordinance of the town of Chico and the ordinance of the county of Butte in the regulations prescribed for the carrying on of the business, in the exercise of this police power, the ordinance of the town of Chico has superior force within the municipal limits. (*Ex parte Roach*, 104 Cal. 272). That such a conflict exists, however, is not made to appear, and in any event it would not affect the consideration of the remaining question.

For the ordinance of Butte county, while containing provisions in their nature the exercise of police powers, at the same time is a license ordinance for purposes of revenue, and it is with the ordinance in that aspect that we are called upon to deal.

That it is within the power of the county of Butte to license for revenue the business of liquor dealing is obvious and unquestioned. (*People* v. *Martin*, 60 Cal. 153.) That the county has the power to collect such a license from those doing business within the territorial limits of towns and cities inside of its boundaries was decided in the *Matter of Lawrence*, 69 Cal. 608.

Against the ordinance here under consideration, however, it is urged that it prescribes the procurement of a

license by any one who sells or gives away liquor; that under the rule laid down in *Merced County* v. *Helm*, 102 Cal. 160, the county has the power to fix licenses, not for the selling or giving away of liquor, but for the engaging in the business of doing these or any of these things; that there is a broad and well-defined distinction between a single act of selling and giving, or acts which do not constitute the business and are merely incidents to it, and the actual, *bona fide* business of dealing in liquors, either as a wholesale vendor or as a retail dealer or " saloon-keeper."

But *Merced County* v. *Helm*, *supra*, is not a parallel case with the one at bar. There the county sought to collect its license tax from Helm by civil action; here (as will be discussed later) the defendant is charged criminally with a misdemeanor under section 435 of the Penal Code. There the tax was a charge imposed upon the sale, and not for carrying on or engaging in the business of selling; here, while section 1 does provide that every person who sells or gives away any liquors or wines must obtain a license, section 5 further provides that it shall be unlawful for any person to engage in or carry on within the limits of the county of Butte the business of selling or giving away liquors or wines without first procuring from the tax-collector a license so to do. That the license required to be procured by one engaging in the business is the license called for by the ordinance is plain. Moreover, the language of section 1 of this ordinance is not obnoxious to the objections successfully urged against the Merced county ordinance. In the latter ordinance the language was: "All persons who sell either spirituous, malt, or fermented liquors, wines, or ciders in said Merced county shall pay quarterly, in advance, a license tax of three thousand dollars for each quarter of the year." Nothing in that language went to show that it was designed to limit its scope and applicability to those who gave or sold as a business, and the language was found to be objectionable for two reasons: 1. Because it was beyond

the power of boards of supervisors to require a license for the mere single act of giving away or selling liquor; 2. That the powers of boards of supervisors were limited to exacting licenses from those engaged in a particular business, and that the act of selling or giving away might be but an incident to some other business—e. g., the selling of beer by a brewer being an incident to the business of manufacturing. (*Ex parte Mason,* 102 Cal. 171.)

But in the ordinance under consideration the language is: " Every person *who in any saloon, bar, inn, tavern, hotel, tippling-place, or other public place* sells or gives away." By fair interpretation this language should be accorded a different construction from that applied to the language of the Merced ordinance. There no restriction was made. " All persons" who sell or give away were subject to the license tax; here it is only those persons who sell or give in the enumerated kinds and classes of places, and those places, it is of common knowledge, are places where liquors are vended as a business.

But, even if it is conceded that it was beyond the power of the supervisors to exact licenses from those selling or giving away, they unquestionably have the power to require licenses of those engaged in the business, as prov.ded in section 5.

Section 5, however, it is urged, must be eliminated as void. The contention is based upon the fact that the latter portion of the section provides a penalty, which penalty comes in conflict with the provisions of section 435 of the Penal Code. (*In re Sic,* 73 Cal. 142.) The conflict exists, and because of it the penal clause of the ordinance is void, but that does not of necessity destroy the whole of section 5. The rule is well settled that, if the void portion is severable, the rest will stand. (*Ex parte Christensen,* 85 Cal. 208; Endlich on Interpretation of Statutes, secs. 35–40, et seq.) The first portion of the section is complete without any reference to the latter portion. Indeed, the two portions might easily and

well have been cast, as is usual, in different sections. It is only necessary to eliminate that portion of the section beginning with the words "and if such person," and ending with the words " or by both such fine and imprisonment." So treated there still remains a valid ordinance requiring the procurement of a specified license by those who in the county of Butte engage in or carry on the business of selling or giving away liquors.

It is finally contended that the defendant was tried and convicted, not under the state law (Pen. Code, sec. 435), but under the penal clause of the ordinance; and in support of this contention it is pointed out that defendant was fined the minimum amount prescribed in the ordinance, and that the complaint on which he was tried referred only to the ordinance, and did not conclude with the declaration that his acts were contrary to the form, force, and effect of the statute.

Where no change has been made by the constitution or by statute the conclusion of an indictment *contra formam statuti* is always required where a statute creates an offense, or declares a common-law offense, when committed under particular circumstances not necessarily in the original offense, punishable in a different manner from what it would have been without such circumstances, or where the statute changes the nature of the common-law offense to one of a higher degree, or under a statute revising the common law. (Wharton's Criminal Pleading and Practice, 9th ed., sec. 280.) In general, where the common law is unmodified by statutes, every indictment on the statute must conclude with the words "against the form of the statute in such case made and provided," or their equivalent. One which does not will not sustain a conviction. (1 Bishop's Criminal Procedure, sec. 602.) Even a complaint for the violation of a town or city by-law, though it concludes against the form of the by-law, must also conclude against the form of the statute. (*Commonwealth* v. *Gay*,

5 Pick. 44; *Stevens* v. *Dimond*, 6 N. H. 330; *Commonwealth* v. *Worcester*, 3 Pick. 462.)

In this state, therefore, the rule obtains, except as it may have been modified by the constitution or by the statutes. The constitution does not speak upon the matter. The Penal Code in section 952 declares that the indictment or information must be direct and certain as regards: 1. The party charged; 2. The offense charged; and 3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense. Section 958 declares that words used in a statute to define a public offense need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used. Section 959 enumerates those things which, if they can be understood from the pleading, render the indictment or information sufficient. Section 950 declares that the indictment or information must contain the title of the action, specifying the name of the court to which the same is presented and the names of the parties; second, a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. Section 951 states that the indictment or information may be substantially in the form given, which form concludes with the customary phrase, "contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the people of the state of California." These provisions are made applicable to all indictments and informations.

This complaint is a complaint charging misdemeanor, the jurisdiction of the offense being in the justices' and police courts. As to the form of such a complaint the Penal Code elsewhere speaks, and in the following terms: "All proceedings and actions before a justice's or police court for a public offense of which such courts have jurisdiction must be commenced by complaint, under

oath, setting forth the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint." (Pen. Code, sec. 1426.) Greater liberality is now allowed in criminal pleadings than was formerly permissible. As was said in *People* v. *King*, 27 Cal. 507, 87 Am. Dec. 95: "Our criminal code is designed to work the same change in pleading and practice in criminal actions which is wrought by the Civil Code in civil actions. Both are fruits of the same progressive spirit, which in modern times has endeavored, at least, to do away with the mere forms and technicalities of the common law, which were productive of no good, and frequently brought the administration of justice into contempt by defeating its ends." The Penal Code itself declares that no indictment or information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits. (Pen. Code, sec. 960.)

The defendant in this case was plainly informed of the nature of his offense. It consisted, in the language of the complaint, in carrying on the business of selling distilled, fermented, malt, vinous, and other spirituous liquors and wines without having procured a license so to do, contrary to the provisions of ordinance No. 124 of Butte county, California, which ordinance is fully set forth. This was his alleged offense. If guilty of it he became amenable to section 435 of the Penal Code, which provides that every person who commences or carries on any business, trade, profession, or calling, for the transaction or carrying on of which a license is required by any law of this state, without taking out or procuring the license prescribed by such law, is guilty of a misdemeanor. The essentials to a criminal complaint in a justice's or police court, as set forth in section 1426 of the Penal Code, do not include a conclusion to the statute. *Expressio unius est exclusio alterius.* As

to complaints for misdemeanors, in justices' and police courts at least, the common-law rule has been changed. The complaint in this case complies with the requirements of the law, and states a cause of action against the defendant.

Wherefore, it is ordered that the writ be discharged and the petitioner remanded.

BEATTY, C. J., HARRISON, J., VAN FLEET, J., GAROUTTE, J., and McFARLAND, J., concurred.