[Crim. No. 160.   In Bank.—September 17, 1896.]

Ex Parte LEO STEPHEN on Habeas Corpus.

County Ordinance—Invalidity of Independent Parts.— One or more of the features of a county ordinance may be void, and yet those parts which are independent of the invalid provisions will stand unaffected.

Id.—Regular Passage of Ordinance—Conviction of Violation—Conclusiveness of Judgment—Collateral Review upon Habeas Corpus.—The question whether a county ordinance was passed at a regular meeting of the supervisors, and whether the time for such meeting had been competently established, is within the province of the court to determine, as being essential to its jurisdiction to punish a defendant who is accused of a violation of the ordinance, and the judgment of conviction must be taken as conclusively establishing the existence of the facts upon which the jurisdiction depends, when reviewed collaterally upon writ of *habeas corpus*, which is a collateral and not a direct proceeding, when regarded as a means of attack upon the judgment.

Id.—Regulation of Liquor Licenses—Discrimination against Country Saloons.—An ordinance regulating liquor licenses in a county, may lawfully discriminate by imposing a higher license tax upon saloons outside of incorporated cities and towns than upon those within such municipalities; nor can such ordinance be said to be unreasonable or oppressive.

Id.—Void Penalty — Conflict with General Law—Independence of Penal Clause—Valid Judgment of Conviction.—An ordinance undertaking to punish precisely the same acts which are punishable under the general law of the state, is to be deemed in conflict with such general law, and for that reason void; but a void penal clause, which is independent of and severable from the part of the ordinance declaring the acts to be a misdemeanor, will not vitiate a judgment of conviction for such misdemeanor, where the judgment is in accordance with the general law.

Id. — Selling Liquor in Saloon Without License — Designation of Offense.—A judgment of conviction " of the crime of establishing and carrying on a saloon, and there selling and giving away malt liquor without a license," etc., sufficiently designates the general nature of the offense.

Habeas Corpus to review a judgment of conviction rendered in the Superior Court of Orange County. J. W. Towner, Judge.

The facts are stated in the opinion of the court.

*McKelvey & Bowes,* for Petitioner.

*J. W. Ballard,* for Respondent.

Van Fleet, J.—Petitioner, convicted in the superior court of the county of Orange, of a misdemeanor in carrying on a saloon and selling liquor without procuring a license therefor, as required by ordinance No. 35 of the board of supervisors of said county, asks to be discharged on *habeas corpus*, on the ground principally that the ordinance is void for various alleged reasons.

Several of the grounds of invalidity assigned may be passed over without further notice than to say that they relate to special features of the ordinance not here involved, and upon the sufficiency of which the validity of the particular provision under which petitioner was prosecuted and convicted in no way depends. One or more features of an ordinance may be void, and yet those parts not subject to the vice, and which are not dependent upon the provisions which are, will stand unaffected. (*Ex parte Mansfield*, 106 Cal. 405; *Ex parte Haskell*, 112 Cal. 412.)

We shall, therefore, confine ourselves to a consideration of those objections only, which affect either the ordinance as a whole or section 1 thereof—for a violation of which petitioner is held — and certain objections made to the sufficiency of the judgment.

1. The first and main objection urged is that the ordinance was not passed at a regular meeting of the board of supervisors, as required by law, and is, therefore, wholly void. This claim is based upon the alleged fact that the board has never established by ordinance a time for its regular meetings; and it is argued that, no such time having been fixed, there could be in legal contemplation no such thing as a regular meeting of the board.

But, assuming that such omission on the part of the board, if shown, would render void the ordinance here involved, the inquiry is one which does not competently arise. The question whether ordinance No. 35 was regularly passed is dependent upon certain facts as to the existence of which it was within the province of the superior court, at the trial of petitioner, to in-

quire. One of those facts was whether the ordinance was passed at a regular meeting, and this fact involved the further one as to whether the time for such meeting had been competently established. The jurisdiction of the court to punish petitioner for the alleged infraction of the ordinance depended upon the existence of these facts, and, this being so, the judgment of conviction must be taken, upon this collateral view, as conclusively establishing such facts. We are bound to presume in support of that judgment that the fact about which question is really made—whether the ordinance No. 1, found in the records of the board of supervisors, fixing the time of regular meetings, was published so as to take effect — was established to the satisfaction of the court by competent evidence. Unlike a court of limited jurisdiction, every intendment is to be indulged in favor of the regularity of the proceedings and judgment of the superior court, acting within its jurisdiction, and this whether the jurisdiction exercised be original, or, as in this instance, appellate. "After its appellate jurisdiction has once been acquired, its action within the limits of that jurisdiction, unless in direct contravention of some positive statute, is entitled to all the presumptions of regularity that attach to the exercise of its original jurisdiction." (*Sherer* v. *Superior Court*, 94 Cal. 354.)

The judgment of the superior court is, as was said of the judgment in *Ex parte Sternes*, 77 Cal. 156, 162; 11 Am. St. Rep. 251, in considering a similar objection, "the record of the court, acting within its legitimate powers, and that record must be considered as speaking the truth, and as conclusive, until it has been in some way set aside or vacated. No evidence can be received to contradict it. (Freeman on Judgments, secs. 126, 619; *Lewis* v. *Dutton*, 8 How. Pr. 103; Cooley's Constitutional Limitations, 407.) 'When jurisdiction depends on a fact that is litigated in a suit, and is adjudged in favor of that party who avers jurisdiction, then the question of jurisdiction is judicially decided, and the judg-

ment record is conclusive evidence of jurisdiction until set aside, or reversed by a direct proceeding.' (*Bloom* v. *Burdick*, 1 Hill, 138; 37 Am. Dec. 299." And see *Ex parte Cottrell*, 59 Cal. 421.) *Habeas corpus* is a collateral and not a direct proceeding, when regarded as a means of attack upon the judgment, and so long as the judgment is regular upon its face, and was given in an action or proceeding of which the superior court had jurisdiction, no extrinsic evidence is admissible here to show its invalidity.

2. It is contended that the ordinance discriminates unlawfully between those engaged in the liquor business in Orange county, in that it imposes a much heavier license tax upon those conducting such business outside of incorporated cities and towns than upon those within such municipalities, and is for this reason void.

But, while this discrimination exists, it is not unlawful. It is no doubt based upon the fact that those carrying on the business within incorporated cities and towns are compelled to pay a municipal license tax, while those without are not; or for other good reason affecting the business. Such discrimination the board have a right to make. (*Amador County* v. *Kennedy*, 70 Cal. 458; *Ex parte Haskell*, 112 Cal. 412.)

Nor can the ordinance be said to be unreasonable or oppressive. (*Ex parte Haskell, supra.*)

3. Section 1 of the ordinance provides that any person opening, keeping, or carrying on, etc., such liquor business, without first procuring a license, shall be guilty of a misdemeanor, and makes such misdemeanor punishable by a fine of not less than fifty dollars nor more than two hundred dollars, or by imprisonment for not less than one hundred days, or by both such fine and imprisonment; and also provides that any judgment that defendant pay a fine shall direct that in default of payment he shall be imprisoned in the county jail until the fine is satisfied, not to exceed one day's imprisonment for every two dollars of the fine. The judgment in this instance imposed a fine upon petitioner of two

hundred and fifty dollars, or, in default of payment, confinement in the county jail at the rate of one day for every two dollars of the fine. Petitioner contends that this punishment, being greater than that prescribed by the ordinance, was in excess of the power of the court, and renders the judgment void *ab initio*. The punishment is undoubtedly in excess of the maximum prescribed by the ordinance, and the only question is, therefore, what effect has this upon the judgment? It is unnecessary to determine what its effect would be if the penal clause of section 1 were valid; whether it would render the judgment void *in toto*, or only to the extent to which the maximum limit is exceeded. For that portion of section 1 prescribing the punishment must be held void as in contravention of the general law of the state. It undertakes to punish the same act— carrying on a business without having a license therefor—which is punishable under section 435 of the Penal Code. That section provides: "Every person who commences or carries on any business, trade, profession or calling, for the transaction or carrying on of which a license is required by any law of this state, without taking out or procuring the license prescribed by such law, is guilty of a misdemeanor."

The last section does not itself fix the punishment for such misdemeanor, but section 19 of the same code declares: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail, not exceeding six months, or by a fine not exceeding five hundred dollars, or by both."

In *Ex parte Sic*, 73 Cal. 142, it is held that a provision in an ordinance undertaking to punish precisely the same acts which are punishable under the general law of the state is to be deemed in conflict with such general law, and for that reason void. And this principle was affirmed in the recent case of *Ex parte Mansfield*, 106 Cal. 400, 405. But the invalidity of the penal clause of section 1 of the ordinance did not affect the other portions

of that section, being wholly severable therefrom; and defendant, having been convicted of the misdemeanor therein provided against, was punishable therefor under the general statute. (*Ex parte Mansfield, supra.*) The judgment is not in excess of the punishment prescribed by the latter, and is consequently valid. Of course, what is here said has no reference to the other penal clauses to be found in the ordinance, as they are not involved.

4. There is nothing in the objection that the judgment does not show of what offense petitioner was convicted. The recital in the judgment is: " That, whereas, the said Leo Stephen, having been duly convicted in this court of the crime of establishing and carrying on a saloon, and there selling and giving away malt liquor without a license," etc. This is quite sufficient to designate the general nature of the offense. (*Ex parte Murray*, 43 Cal. 455; *Ex parte Turner*, 75 Cal. 226; Church on Habeas Corpus, sec. 365.)

We discover nothing in the objections entitling petitioner to his discharge, and the writ is accordingly dismissed and the petitioner remanded.

GAROUTTE, J., McFARLAND, J., HARRISON, J., HENSHAW, J., and TEMPLE, J., concurred.