[Crim. No. 84. First Appellate District.—May 24, 1907.]

## Ex Parte WALTER SWEETMAN, on Habeas Corpus.

BERKELEY CHARTER—PROVISION AUTHORIZING PENALTY FOR ILLEGAL SALE OF LIQUORS—CONFLICT WITH PENAL CODE.—The charter of the town of Berkeley, having been adopted prior to the amendment of 1896 to the constitution, was subject to general laws; and the trustees had no power thereunder to pass an ordinance affixing a penalty for the sale of liquors without a license in conflict with the Penal Code, and the original invalidity of such power was not affected by that amendment.

ID.—VOID PENALTY UNDER ORDINANCE—CONVICTION UNDER PENAL CODE.—A conviction in the justice's court of the town of Berkeley of a misdemeanor for the sale of liquor without a license, as required by an ordinance of the town, containing a void penal clause, is valid under the Penal Code, and the higher penalty affixed therein may be imposed.

PETITION for discharge upon writ of *habeas corpus* under a judgment imposed in the justice's court of Berkeley, Alameda County.

The facts are stated in the opinion of the court.

Brewton A. Hayne, and Roland C. Becsey, for Petitioner.

Redmond C. Staats, for Respondent.

HALL, J.—Petitioner asks to be discharged from custody under a judgment rendered by the justice court of the town of Berkeley, upon his conviction of a misdemeanor for maintaining a place where alcoholic liquors were sold, without having a license therefor as required by the ordinance of the town of Berkeley.

The judgment imposes a fine of $500 upon petitioner, with the usual alternative of imprisonment not exceeding six months in default of payment.

It is insisted by petitioner that both the charter of the town of Berkeley and the ordinance under which petitioner was prosecuted limit the fine that may be imposed to the sum of $300, and that therefore the judgment, being for a greater

5 Cal. App.—37

sum, is void. On the other hand, respondent insists that the offense committed by petitioner is made punishable by the general law of the state, to wit, sections 19 and 435 of the Penal Code, and that said sections are controlling, and as the judgment is in terms authorized by said sections it is valid.

No point is made by petitioner that the complaint does not charge petitioner with carrying on a business without having a license therefor, or that the ordinance does not require a person conducting such business to have a license therefor. We have, therefore, not critically examined the ordinance or the complaint in this respect. (But see *Ex parte Mansfield,* 106 Cal. 400, [39 Pac. 775].)

The charter of the town of Berkeley is a "Freeholdrs" Charter adopted in 1895, and therefore antedates the amendment to the Constitution of 1896, relieving provisions of such charters in "municipal affairs" from the control of general laws.

The charter of the town of Berkeley provides as follows: "Sec. 50. The Board of Trustees shall have power: 1. . . . 5. To license for purposes of regulation and revenue all and every kind of business not prohibited by law to be transacted or carried on in said town, and all shows, exhibitions and lawful games carried on therein; to fix the rates of license upon the same, and to provide for the collection of the same by suit or otherwise. . . .

"21. To impose fines, penalties and forfeitures for any and all violations of ordinances, and for breach or violation of any ordinance, to fix the penalty by fine or imprisonment, or both, but no such fine shall exceed three hundred dollars, or such imprisonment exceed three months. . . .

"24. To do and perform any and all other acts and things necessary and proper to carry out the provisions of this Charter, and to enact and enforce within the limits of the Town all other local, police and other regulations as do not conflict with the general laws."

The penal clause of the ordinance violated by petitioner conforms to subdivision 21 of section 50, and provides for a fine of not less than $50, nor more than $300, or imprisonment of not less than thirty days nor more than ninety days, or both such fine and imprisonment.

At the time of the adoption of the charter of the town of Berkeley, and ever since such time, the general law of the state made it a misdemeanor, punishable by fine not exceeding $500, or imprisonment not exceeding six months, or both, for any person to commence or carry on any business, trade, profession or calling, for the transaction or carrying on of which a license is required by any law of this state, without taking out or procuring the license prescribed by such law. (Pen. Code, secs. 19, 435.) And municipal ordinances are laws of this state within the meaning of section 435 of the Penal Code. (*In re Lawrence,* 69 Cal. 611, [11 Pac. 217]; *Ex parte Christensen,* 85 Cal. 208, [24 Pac. 747].)

The language of subdivision 21 of section 50 of the Berkeley charter is broad enough, standing alone, to authorize the town trustees to prescribe that for carrying on a business for which a license is required, without first obtaining such license, a fine not exceeding $300, or imprisonment not exceeding three months, shall be imposed. That a municipal ordinance that should prescribe that for a given offense a fine not exceeding $300 may be imposed is contrary to a general law providing that for the same offense a fine not exceeding $500 may be imposed, seems to us too clear for serious argument. Indeed, it has been held in this state that a conflict exists where an ordinance provides a penalty for the same acts that are punishable under the general law, and that the penal clause of such an ordinance is void. (*In re Sic,* 73 Cal. 142, [14 Pac. 405]; *Ex parte Mansfield,* 106 Cal. 400, [39 Pac. 775]; *Ex parte Stephen,* 114 Cal. 278, [46 Pac. 86].)

In *Ex parte Mansfield,* 106 Cal. 400, [39 Pac. 775], the penal clause of a license ordinance prescribed a fine of not less than $150, and not more than $500, for carrying on the business of selling liquor without procuring a license therefor; and it was held that such penal clause conflicted with section 435 of the Penal Code, and was for that reason void, but that the judgment in the case was valid under the provisions of the Penal Code.

In *Ex parte Stephen,* 114 Cal. 278, [46 Pac. 86], the ordinance provided that anyone carrying on the liquor business without first procuring a license shall be guilty of a misdemeanor, and punishable by fine of not less than $50 nor more than $200, or by imprisonment for not less than one hundred days. The petitioner was fined $250 with the

usual alternative of imprisonment. It was held that the judgment was good under sections 19 and 435 of the Penal Code, and that the penal clause of the ordinance was void. The court said: "For that portion of section 1 prescribing the punishment must be held void as in contravention of the general law of the State. It undertakes to punish the same act—carrying on a business without having a license therefor—which is punishable under section 435 of the Penal Code."

If an ordinance that attempts to fix the penalty for carrying on a business, for which a license is required, is to that extent in conflict with sections 19 and 435 of the Penal Code, and therefore to that extent void, it seems to us clear that any provision of a municipal charter, which authorizes the municipality to fix the penalty for carrying on such business without a license therefor, conflicts with the same sections, and for that reason, if adopted prior to the amendment to the constitution of 1896, void at the time of its adoption.

The language of subdivision 21 of section 50 of the Berkeley charter must be limited in its effect to giving to the board of trustees power to fix penalties for such violation of ordinances as are not covered by the general law of the state. So far as the said section attempts to authorize the board of trustees to fix any penalty for carrying on a business without procuring a license therefor, it was at the time of its adoption in conflict with sections 19 and 435 of the Penal Code, and therefore to that extent void. (*Ex parte Sic*, 73 Cal. 142, [14 Pac. 405]; *Ex parte Mansfield*, 106 Cal. 400, [39 Pac. 775]; *Ex parte Stephen*, 114 Cal. 278, [46 Pac. 86].)

So far as a charter was void at the time of its adoption it is still void, notwithstanding the amendment to the constitution of 1896. This principle is established by *Banaz* v. *Smith*, 133 Cal. 102, [65 Pac 309].

It thus follows from what we have said that there is not now, and never has been, any authority in the board of trustees of the town of Berkeley to fix a penalty for carrying on a business without procuring a license therefor. Under subdivision 5 of section 50 of the charter of Berkeley the trustees may require a license to be paid for the carrying on of any lawful business, but when it has done that the general law of the state (Pen. Code, secs. 19 and 435) makes the carrying on such business without procuring such license a

misdemeanor, and fixes the penalty therefor. The fact that the ordinance in this case was passed subsequent to the adoption of the amendment to the constitution of 1896 makes no difference. The validity of the ordinance depends upon the power of the board of trustees, which, as we have seen, does not exist to fix any penalty for the offense provided for by sections 19 and 435 of the Penal Code.

The judgment against the petitioner is valid under sections 19 and 435 of the Penal Code, and he must be remanded to the custody of the sheriff of Alameda county, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.