[S. F. No. 1416. In Bank.—January 23, 1908.]

## Ex Parte THOMAS H. BAGSHAW, on Habeas Corpus.

CRIMINAL LAW—MISDEMEANOR—VIOLATION OF MUNICIPAL ORDINANCE IMPOSING LICENSE—LAW OF STATE.—A county, city and county, city or town ordinance is a "law of this state," within the meaning of section 435 of the Penal Code, providing that "every person who commences or carries on any business, trade, profession, or calling, for the transaction or carrying on of which a license is required by any law of this state, without taking out or procuring the license prescribed by such law, is guilty of a misdemeanor," and a prosecution for a violation of such an ordinance is for the commission of a crime created by a general law of the state.

ID.—JURISDICTION OF JUSTICE'S COURT CONCURRENT WITH RECORDER'S COURT.—The misdemeanor created by section 435 of the Penal Code, is precisely like any other misdemeanor created by that code, and being punishable under section 19 thereof by imprisonment in a county jail not exceeding six months, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment, is, under section 1425 thereof, within the jurisdiction of any justice's court of the county in which it is committed. It is one of the cases in which, by section 882 of the Municipal Corporation Act, the recorder's court of a municipal corporation of the sixth class, in which the offense is committed, is given jurisdiction "concurrent with the justice's court."

ID.—EXCLUSIVE JURISDICTION OF RECORDER'S COURT.—It was not intended by that portion of section 882 of the Municipal Corporation Act which confers exclusive jurisdiction upon the recorder's court in certain classes of cases to deprive the justice's court of jurisdiction of any offense under the general state law. As to all such cases, the jurisdiction in the recorder's court is simply one concurrent with the justice's courts. The prosecution for violations of ordinances declared to be within the exclusive jurisdiction of such recorder's court are prosecutions for acts which are crimes solely by reason of the fact that they are made crimes by ordinance, supplemented by the provisions of the Municipal Corporation Act.

ID.—JUDGMENT OF CONVICTION—SUFFICIENCY IN FORM.—Where the complaint specifically charges an offense under section 435 of the Penal Code, a judgment of conviction based thereon is not void for failure to sufficiently show the offense of which the defendant was convicted, if it in terms refers to the complaint and shows that it is based on a conviction of the offense so charged, and the penalty imposed is expressed in certain and definite terms and is one within the power of the court to impose upon a conviction of such offense.

APPLICATION for a discharge on Writ of Habeas Corpus, directed to the Sheriff of Marin County.

The facts are stated in the opinion of the court.

O. F. Meldon, for Petitioner.

Thomas P. Boyd, for Respondent.

ANGELLOTTI, J.—Petitioner seeks to be discharged from the custody of the sheriff of the county of Marin, by whom he is held under a commitment issued by the justice's court of Sausalito township of said county, based upon a judgment given in said court upon a conviction therein of the crime of carrying on the business of selling liquor in the town of Mill Valley, a municipal corporation of the sixth class in said county, without taking out or procuring the license prescribed therefor by an ordinance of said town.

The principal contention of petitioner is that said justice's court was without jurisdiction to entertain or try said case. The Municipal Corporation Act provides that in municipal corporations of the sixth class there shall be a recorder's court, which shall have concurrent jurisdiction with the justice's court of all actions and proceedings, civil and criminal, arising within the corporate limits of the city or town, and "exclusive jurisdiction of all actions for the recovery of any fine, penalty, or forfeiture prescribed for the breach of any ordinance of such city or town, of all actions founded upon any obligation created by an ordinance, *and of all prosecutions for any violation of any ordinance.*" (Stats. 1905, sec. 882, p. 73.) The italics are ours. The claim is that this provision confers exclusive jurisdiction upon the recorder's court of a prosecution for the carrying on of a business within the limits of a

town, without taking out the license prescribed therefor by an ordinance of the town. Section 435 of the Penal Code, however, provides: ''Every person who commences or carries on any business, trade, profession, or calling, for the transaction or carrying on of which a license is required by any law of this state, without taking out or procuring the license prescribed by such law, is guilty of a misdemeanor.'' It has been expressly held by this court that a county or city and county ordinance is a ''law of this state'' within the meaning of this section. (*In re Lawrence,* 69 Cal. 608, 611, [11 Pac. 217]; *Ex parte Christensen,* 85 Cal. 208, 210, [24 Pac. 747]; *Ex parte Mansfield,* 106 Cal. 400, [39 Pac. 775]; *Ex parte Stephen,* 114 Cal. 278, [46 Pac. 86].) There is no distinction material here between a county ordinance and a city or town ordinance. The latter is as much a ''law of this state'' within the meaning of such section as is a county or city and county ordinance, and it has so been held by the district court of appeal for the first district. (*Ex parte Sweetman,* 5 Cal. App. 577, [90 Pac. 1069].) It appears to us to necessarily follow that the prosecution here must be held to be not for a violation of the ordinance of the town of Mill Valley, but for the commission of a crime created by a general law of the state,—section 435 of the Penal Code. It is true that it is one of the essentials of such a crime that there should be an ordinance of the town prescribing a license, but this does not affect the question. The legislature of the state has seen fit to make it a crime under the state law for any one to carry on a business for which a license is required by any law or ordinance, without procuring such license, and one who does so not only disobeys the ordinance, but also violates the state law, and is guilty of a crime by reason of the express provision of such law. The misdemeanor created by section 435 of the Penal Code is precisely like any other misdemeanor created by the Penal Code, and punishable as it is by imprisonment in a county jail not exceeding six months or by fine not exceeding five hundred dollars, or by both such fine and imprisonment (Pen. Code, sec. 19), is within the jurisdiction of any justice's court of the county in which it is committed. (Pen. Code, sec. 1425.) It is one of the cases in which, by section 882 of the Municipal Corporation Act, the recorder's court of the city or town in which the offense is committed is

given jurisdiction ''concurrent with the justice's courts.'' It was not intended by that portion of section 882 which confers exclusive jurisdiction upon the recorder's court in certain classes of cases to deprive the justice's court of jurisdiction of any offense under the general state law. As to all such cases, the jurisdiction in the recorder's court is simply one concurrent with the justice's courts. The prosecutions for violations of ordinances declared to be within the exclusive jurisdiction of such recorder's court are prosecutions for acts which are crimes *solely by reason of the fact that they are made crimes by ordinance, supplemented by the provisions of the municipal corporation act.* That act makes the violation of any ordinance of the city or town a misdemeanor (Municipal Corporation Act, sec. 867), and if it were not for section 435 of the Penal Code it may be that a prosecution for doing business without procuring the license required by the town ordinance would be within the exclusive jurisdiction of the recorder's court. But such act being also a crime under the general state law, a prosecution therefor will lie in the state courts.

The judgment is not void for failure to sufficiently show the offense of which petitioner was convicted. The record before us, which includes the complaint specifically charging an offense under section 435 of the Penal Code, and to which complaint the judgment in terms referred, sufficiently shows the judgment to have been based upon a conviction of the offense so charged, and the penalty imposed was expressed in certain and definite terms and was one within the power of the court to impose upon a conviction of such offense.

The writ must be discharged and the petitioner remanded to the custody of the sheriff of Marin County, and it is so ordered.

Shaw, J., McFarland, J., Lorigan, J., Henshaw, J., and Sloss, J., concurred.