McGILLIC, Appellant, *v.* CORBY et al., Respondents.

(No. 2,527.)

(Submitted May 26, 1908.  Decided June 1, 1908.)

[95 Pac. 1063.]

*Injunction — Municipal   Corporations—Acting   Mayor—Ordinances—Invalidity—Compensation—Quantum Meruit.*

Municipal   Corporations—Acting   Mayor—Compensation—Ordinances—Invalidity—Injunction.
  1.  A city council, acting under section 368, Fifth Division, Compiled Statutes of 1887, passed an ordinance providing that the president or vice-president of the council, while performing the duties of mayor, should be entitled to the salary of that officer, omitting, however, the limitation, imposed by the section, that the acting mayor should only be so compensated upon his performing the duties of mayor for periods *longer than sixty days.* A claim of the acting mayor of the city in question for services, covering three different periods of three, fifty-one and ten days each, was allowed and ordered paid.  *Held,* on appeal from an order denying an injunction to restrain the payment of the claim, that the ordinance was void as in direct contravention of section 368, and as depriving the mayor of his salary without warrant of law.

Same.
  2.  The ordinance mentioned above having been void at the time of its enactment, was void for all time; hence section 4783, Political Code, adopted in 1895, changing the law on the subject, did not give it validity.

Same—Ordinances—Invalidity—Curative Statute.
  3.  Nor was the ordinance, ,*supra,* given validity by section 5035, Political Code, which is not curative in character but simply preserves the *statu quo* of all municipal corporations in existence at the time of the adoption of the Code; if held curative, it could not give validity to an ordinance which had no validity at the time it was enacted.

Same—Officers—Compensation—*Quantum Meruit.*
  4.  Where the law makes no provision for the compensation of a public officer, he will be held to know that fact, and he may not thereafter demand payment as upon a *quantum meruit* for services rendered.

Same—Powers—How to be Exercised.
  5.  When a power is conferred upon a municipal corporation, and the mode in which it is to exercise it is prescribed, such mode must be pursued.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

Action for an injunction by Barney McGillic against Joseph A. Corby and others, as officers of the city of Butte.  Defend-

ants had judgment and plaintiff appeals. Reversed and remanded, with directions to grant the injunction.

*Mr. T. F. Nolan,* for Appellant.

A municipal corporation possesses and can exercise the following powers and no others: (1) Those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; and (3) those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable doubt concerning the exercise of power is resolved against the corporation, and the power denied. The charter or statute by which a municipal corporation is created is its organic Act. (Dillon's Municipal Corporations, 3d ed., sec. 89; *Davenport* v. *Kleinschmidt,* 6 Mont. 502, 13 Pac. 249; *City of Helena* v. *Kent,* 32 Mont. 285, 80 Pac. 258.) Powers granted a municipal corporation are strictly construed. (McQuillin's Municipal Corporations, sec. 48; Horr & Bemis' Municipal Police Ordinances, 17.) Ordinances must be consistent with the general law of the state (Cooley's Constitutional Limitations, 239; *Ex parte Frank,* 52 Cal. 609, 28 Am. Rep. 642; *Ex parte Kearney,* 55 Cal. 225), and must not conflict with the general law. (*In re Sic,* 73 Cal. 142, 14 Pac. 405; *Ex parte Mansfield,* 106 Cal. 400, 39 Pac. 775.) An ordinance which is broader than the statute authorizing it is void. (*Whalen's Appeal,* 108 Pa. St. 162, 1 Atl. 88; *City of Newton* v. *Belger,* 143 Mass. 598, 10 N. E. 464; *Kemp* v. *Monnett,* 95 Mo. App. 452, 69 S. W. 31.)

*Mr. Edwin S. Booth,* and *Mr. Wm. E. Carroll,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for an injunction. During certain periods in the years 1906 and 1907 Hon. John MacGinniss, the mayor of the

city of Butte, was absent from the city.   James Doull, a member of the city council, having been elected president thereof under authority of section 4783, Title III, Article III, Chapter III, Political Code, performed the duties of mayor.   He thereupon presented his claim to the city for such services during three periods, to-wit: For 3 days during September, 1906; for 51 days covering the time from November 22, 1906, to January 12, 1907; and 10 days during April, 1907.   On September 11, 1907, the council ordered a warrant drawn for payment to him of $275.55; this sum being the amount the mayor received during the same period, upon a salary fixed by ordinance at $2,000 per annum. This action was brought by the plaintiff, a resident taxpayer of the city, to perpetually enjoin the defendants, the mayor, clerk and treasurer, as disbursing officers of the city, from the issuance and payment of the warrant, it being alleged that it is their intention to issue and pay it, and thus make an unauthorized use of the funds of the city.   Upon application the district court issued an order to defendants to show cause why the relief prayed for should not be granted.   In the meantime, and until a hearing could be had, the defendants were restrained from proceeding.   At the hearing it was made to appear that the council ordered the payment of the claim under authority of an ordinance of the city passed and approved on June 27, 1888, defining the powers and duties of the mayor, section 10 of which declares: "In the absence of the mayor from the city, or from his inability from any cause to discharge the duties of his office, the president of the council shall exercise all the powers and discharge all the duties of the mayor.   In case of absence or inability of the mayor and president of the council, the vice-president shall preside and discharge the duties of said president. The president or vice-president of the council while performing the duties of mayor shall be styled the acting mayor.   Any acting mayor shall be entitled to the salary of the mayor."   The court thereupon dissolved the restraining order, and denied the injunction.   The plaintiff has appealed.

Contention is made by counsel for appellant that the ordinance referred to is void, and furnished no authority under which the defendants could lawfully act. The respondents contend that the ordinance is a valid exercise of power by the city council, under the general laws in force at the time of its enactment; and, further, that even if it be held to be void, the council may nevertheless lawfully pay to an acting mayor the reasonable value of his services in that behalf. The questions submitted, therefore, are whether the provision of the ordinance quoted is void, and, if so, whether the council may lawfully pay the reasonable value of the services.

The ordinance was passed and approved under authority of section 368, Chapter XXII, Fifth Division, Compiled Statutes of 1887. It is therein declared: "At the first meeting of the council in each year they [the city council] shall proceed to elect by ballot from their number a president and vice-president. * * * The president of the council or vice-president while performing the duties of mayor, shall be styled the acting mayor, and acts performed by him while acting as mayor aforesaid, shall have the same force and validity as if performed by the mayor. Any acting mayor performing the duties of a mayor for a period longer than sixty days shall be entitled to the salary of the mayor." The evident meaning of this provision is that if, during any period longer than sixty days, it became necessary for the acting mayor to perform the duties of the mayor, he should receive compensation for his services; and not only so, but that this compensation should be the salary which otherwise, during the same period, the mayor himself would have received. If he served for a period of sixty days or less, he was not entitled to compensation, the apparent purpose being that absence or disability of the mayor from whatever cause should not add to the expense of administration, and therefore, that in case of absence or disability for a period longer than sixty days he should draw no salary, but for such period it should go to the acting mayor.

In enacting the ordinance the council proceeded upon the theory that it had the authority under the statute to appropriate the salary of the mayor to compensate the acting mayor whenever the latter was absent or disqualified, whether for a longer or shorter period than sixty days; for the language is, "any acting mayor shall be entitled to the salary of the mayor," omitting entirely the limitation imposed by the statute under the authority of which it was enacted. The ordinance is inconsistent with, and directly contravenes the provisions of, the statute, in that the statute did not authorize any provision for compensation for periods of sixty days or less, and in that it deprived the mayor of his compensation without warrant of law. It is therefore void.

"Statute law and by-laws are intended to meet different wants and exigencies, and to serve different purposes. The former, when general in its nature and operation, is intended to furnish a rule for the government of the people of the state everywhere. The latter, made by the corporation under derivative authority, are local regulations for the government of the inhabitants, or the regulation of the local concerns of the incorporated place; and of course they must be void, unless specially authorized by the charter or organic Act of the corporation, whenever they are repugnant to, or inconsistent with, the general law of the land. No implied power to pass by-laws, and no express general grant of the power, can authorize a by-law which conflicts with the statutes of the state or with the general principles of the common law adopted or in force in the state." (1 Dillon's Municipal Corporations, sec. 366.) Much less can an ordinance which directly contravenes the provision of the law creating the municipality be held to be valid.

Since the ordinance was void at the time of its enactment, it was void for all time; for though the law covering the same subject has been changed, as will be observed by an examination of section 4783, *supra,* and does not now contain any provision on the subject of compensation of the acting mayor, this does not affect in anywise the validity of the ordinance. The change in

the organic law could not give it validity. Nor was it given validity by any provision in section 5035, Political Code. This section is not curative in character, but was intended simply to preserve the *statu quo* of all municipal corporations in existence at the time of the adoption of the Code of 1895. Even if it be held to be a curative provision, it could not give life to what had no life, nor render valid that which had no validity. (*In re McFarland's Estate,* 10 Mont. 445, 26 Pac. 185; *State* v. *Evans,* 15 Mont. 539, 48 Am. St. Rep. 701, 39 Pac. 850, 28 L. R. A. 127; *Davidson* v. *Wampler,* 29 Mont. 61, 74 Pac. 82; *Ex parte Sweetman,* 5 Cal. App. 577, 90 Pac. 1069; Horr & Bemis' Municipal Police Ordinances, sec. 138.)

May the defendants, as disbursing officers of the city, lawfully pay the allowance on the theory that Doull, having performed the services, is entitled to what they are reasonably worth? This query must also be answered in the negative, unless there be some provision of the municipal Act itself, or some ordinance enacted under authority granted by it, permitting payment to be made. The right of a public officer to compensation for the performance of duties imposed upon him by law does not rest upon contract, but is incident to the right to hold office; and, unless compensation is allowed by law, he may not lawfully demand payment as upon a *quantum meruit* for services rendered. No provision of the municipal Act has been called to our attention which authorizes the council to make any allowance for the services in question, or, indeed, for any services rendered to the city by any officer, except by ordinance. Section 4740 of the Political Code, after enumerating the officers which a city of the first class, to which Butte belongs, must or may have, declares: "The city council may by ordinance prescribe the duties of all city officers and fix their compensation, subject to the limitations contained in this title." This grant of power is subject, not only to the express and implied limitations found elsewhere in the title, but contains in itself a limitation as to the mode in which the power granted may be executed. It is a familiar rule of construction that, when a power is conferred upon a municipal cor-

poration, and the mode in which it is to exercise it is prescribed, such mode must be pursued. (20 Am. & Eng. Ency. of Law, 2d ed., 1142.) Under the provisions of section 4783, *supra,* the council may or may not elect a president. When elected, he must be held to know whether provision has been made for his compensation. If none has been made in the mode prescribed by law, then he is entitled to none, and has no legal claim against the city. It is not claimed that there is any other ordinance under which the defendants assumed to act. Therefore, in undertaking to make him an allowance under the guise of a claim for services rendered to the city, the council was doing no more than making a gift to him of so much of the funds belonging to the city.

In our opinion the council acted without authority, and the defendants, the disbursing officers of the city, had no authority to make payment. The result is that the court was in error in refusing the injunction. Accordingly, the order is reversed, and the cause is remanded, with direction to grant the injunction.

*Reversed and remanded.*

Mr. Justice Holloway and Mr. Justice Smith concur.