[No. 12078.   In Bank. — June 7, 1888.]

J. C. HOLLAND, RESPONDENT, v. WARREN WIL-
SON, APPELLANT.

BUILDING CONTRACT — PLANS AND SPECIFICATIONS MUST BE FILED. — Plans
and specifications referred to in and forming part of a building contract
must be filed in the office of the county recorder; otherwise, the contract
is void, under section 1183 of the Code of Civil Procedure, and no recov-
ery thereon can be had by either of the parties thereto.

APPEAL from a judgment of the Superior Court of San
Diego County.

The action was brought by the plaintiff to recover the
reasonable value of work, labor, and materials furnished
in the construction of a building for the defendant.
The defendant, in paragraph 3 of his answer, alleged
that the work and materials were done and furnished in
pursuance of a written agreement executed by the de-
fendant and the plaintiff, a copy of which was annexed
to the answer and pleaded as an exhibit, and that before
the work therein mentioned was commenced, "the agree-
ment was filed in the office of the county recorder of
San Diego County, state of California, in the county
where the said property is situated." The answer fur-
ther alleged a breach of the agreement by the plaintiff,
in that he had failed to finish certain of the work within
the time required by its terms, and prayed for damages
sustained by reason of the delay.  By the terms of the
agreement set up in the answer, it was provided that the
plaintiff should do the work "conformable to the draw-
ings and specifications made by C. E. Sawyer, and
signed by the parties, within the time aforesaid, . . . .
and also shall and will find and provide such good,
proper, and sufficient materials of all kinds whatsoever
as shall be proper and sufficient for completing and
finishing all the said brick-laying and plastering and
other works of said buildings mentioned in the brick-

layer's specifications." The plaintiff demurred to this portion of the answer, claiming that the plans and specifications were part of the contract, and should have been filed in the office of the county recorder, and not having been so filed, that the contract was void, so that neither party could recover thereon. In support of this position the plaintiff relied on section 1183 of the Code of Civil Procedure, which at the time the contract was executed provided as follows: "Section 1183. All such contracts shall be in writing when the amount agreed to be paid thereunder exceeds one thousand dollars, and shall be subscribed by the parties thereto, and shall, before the work is commenced, be filed in the office of the county recorder of the county, or city and county, where the property is situated, who shall receive one dollar for such filing; otherwise, they shall be wholly void, and no recovery shall be had thereon by either party thereto; and in such case the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." The demurrer was sustained, and judgment rendered in favor of the plaintiff. The further facts are stated in the opinion of the court.

*M. A. Luce,* for Appellant.

The statute does not require that the plans and specifications should be filed. (Code Civ. Proc., secs. 1183, 1184; *Budd* v. *Lucky,* 28 N. J. L. 484.)

*Collier & Collier,* for Respondent.

The plans and specifications formed part of the contract, and should have been filed. (Code Civ. Proc., secs. 1183, 1184; Phillips on Mechanics' Liens, sec. 363; *Babbitt* v. *Condon,* 27 N. J. L. 162; *Ayers* v. *Revere,* 25 N. J. L. 474.)

THORNTON, J.—We think the court below ruled correctly in sustaining the demurrer to the portion of the answer numbered 3. The "plans and specifications" referred to in the agreement were a part of the contract, and should have been filed in the recorder's office under section 1183 of the Code of Civil Procedure.

The averment as to filing is insufficient, in failing to show that the plans and specifications were filed.

Judgment affirmed.

SEARLS, C. J., SHARPSTEIN, J., McFARLAND, J., McKINSTRY, J., and PATERSON, J., concurred.