[No. 14708. Department Two. — July 23, 1892.]

JOHN REBMAN, RESPONDENT, v. THE SAN GABRIEL VALLEY LAND AND WATER COMPANY, APPELLANT.

UNRECORDED BUILDING CONTRACT — ACTION FOR REASONABLE VALUE OF WORK AND MATERIALS. — An action may be maintained for the reasonable value of work done and materials furnished in the erection of a building, although the value of the labor and materials exceeds one thousand dollars; and it is no defense to such an action, either that the implied contract for reasonable value was not recorded, or that the work and materials were done and furnished in pursuance of a written contract which was not filed for record in accordance with the statute.

ID. — RECORD OF IMPLIED CONTRACT — CONSTRUCTION OF CODE. — The code does not provide for recording an implied contract which is not complete until the labor is done and materials furnished, and could not be recorded before the commencement of the work. The statute only applies to express contracts stating obligations thereafter to be performed.

ID. — INVALIDITY OF UNRECORDED WRITTEN CONTRACT — EVIDENCE OF REASONABLE VALUE. — A written contract for the erection of a building for a price exceeding one thousand dollars, if not recorded, is wholly void for all purposes, and is not competent evidence of the value of the labor done and materials furnished in the erection of the building, in an action to recover their reasonable value.

ID. — FINDINGS — WORK AND LABOR UNDER INVALID CONTRACT. — In an action for the reasonable value of labor done and materials furnished in the erection of a building, where the defendant alleges that the work done and materials furnished were in pursuance of a written contract, a finding by the court that the alleged contract never had been recorded, and was therefore wholly void, is equivalent to a finding that there was no written contract, and that no labor was done or materials furnished under it; and it is immaterial whether the work and materials were or were not in accordance with the terms of the unrecorded written contract.

ID. — COUNTERCLAIM FOR DAMAGES FOR BREACH OF INVALID CONTRACT — FINDINGS. — In such action, where the answer pleaded damages as a counterclaim, because of the failure of the plaintiff to complete the building on the date stipulated in the written contract, and a cross-complaint filed by the defendant also claimed damages for such delinquency, a finding by the court that the written contract relied upon by the defendant, upon the breach of which such damages depended, was void for want of filing in the recorder's office, disposes of the issues thus raised.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*A. H. Judson*, and *M. C. Hester*, for Appellant.

*J. T. Houx*, and *John Haynes*, for Respondent.

VANCLIEF, C.—This is an appeal by defendant from a judgment of $8,263.24 against it for a balance found to be due the plaintiff for work and labor and materials furnished in building a hotel, a laundry, a gas-house, and for repairing the hotel. The appeal is upon the judgment roll containing a bill of exceptions, raising questions of law and fact.

A distinct written contract was signed and delivered by the parties for the construction of each of the buildings above mentioned, and for the repairing of the hotel, before the work was commenced. The contract price for furnishing materials and building the hotel was $48,900; for the laundry it was $1,100; for the gas-house it was $484; and for repairing the hotel it was $595. None of these contracts was ever filed or recorded in the office of the county recorder of the county in which the buildings are situated. They were made at different times, the contract for the hotel being first in order of time.

The complaint consists of five counts: 1. To recover the reasonable value of the labor and material in building the hotel, alleged to be $53,602.76, less $47,000 paid thereon; 2. To recover the reasonable value of labor and materials in building the laundry, alleged to be $1,100, less $863.50 paid; 3. A special count upon the written contract for building the hotel, to recover a balance of $1,900 alleged to be unpaid; 4. A special count upon the gas-house contract, to recover a balance of $104.06, alleged to be due and unpaid; and 5. A special count upon the written contract for repairing the hotel, to recover an alleged balance of $127.95. The prayer of the complaint is, that plaintiff recover the sum of these several balances, with interest. The complaint is not verified.

The answer of defendant,—1. Denies each and every

allegation in the complaint; 2. Alleges payment in full; 3. Alleges, in answer to the first count, that all the labor done and materials furnished for the hotel were done and furnished under and in pursuance of the written contract, and that defendant has fully performed its part of said contract; 4. Alleges, in answer to the second count, that the labor and materials done and furnished for the laundry were done and furnished under a written contract, which defendant had fully performed on its part; 5. In further answer to the third count, alleges that by the contract therein mentioned, the plaintiff was required to complete the hotel by the eighth day of December, 1887, but failed to complete it until April, 1888, by reason whereof defendant sustained damages in the sum of six thousand dollars, which is pleaded as a counterclaim; 6. In answer to the fourth and fifth counts, alleges full performance of the contracts therein mentioned on its part; and 7. Alleges, in answer to the entire complaint, a settlement of all matters mentioned therein, and payment in full of the balance agreed upon in the settlement, which payment was accepted by plaintiff in full satisfaction of all claims against defendant on account of all matters mentioned in the complaint.

The defendant also filed an unverified cross-complaint, claiming damages for non-performance of the written contract for the building of the hotel within the time limited by, or in accordance with, the specifications of that contract, which cross-complaint was answered by a general denial thereof.

The court found for the plaintiff upon all the issues, except those arising upon the third count of the complaint, as to which it found that the hotel contract, upon which that count was based, had not been filed in the recorder's office, and was therefore void.

1. Counsel for appellant contend that the first count of the complaint does not state facts sufficient to constitute a cause of action, because it does not show that the implied contract, upon which it rests, was filed in the re-

corder's office in accordance with section 1183 of the Code
of Civil Procedure, although it appears that the amount
agreed to be paid thereunder exceeds one thousand dol-
lars.

But the first count does not show that any particular
amount was *agreed* to be paid for the labor and materials
expended in building the hotel; but only that such labor
and materials "were reasonably worth $53,602.76." Nor
does the code provide for recording an implied contract,
even conceding that it would be possible and practicable
to record such a contract.

But the real question intended to be presented under
this head is expressed by counsel for appellant as follows:
"Can parties who have failed to put their contract in
writing avoid the force and penalty of the statute by
suing on a *quantum meruit* or *quantum valebat?*"

Of course, no party can evade the force or penalty of
the statute. Counsel's question, however, assumes that
the statute applies to implied contracts, and that the
penalty is incurred by a failure to record an implied con-
tract, and thus evades the only question in dispute, viz.:
What are the force and the penalty of the statute?

The statute literally applies only to express contracts
stating the mutual obligations of the parties thereto,
*thereafter* to be performed; and requires such contracts
to be reduced to writing, and filed in the recorder's office
"before the work is commenced." Yet no implied con-
tract for labor or materials is complete until after the
labor is done or the materials furnished at the request
of the owner of the contemplated structure. Neither the
mere request of such owner for the performance of labor,
or the furnishing of materials, nor the mere performance
of labor, or the furnishing of materials without such re-
quest, express or implied, constitutes a complete contract
by implication. An implied contract arises only from
the request of one party and performance by the other,
though the request is often inferred from the circum-
stances attending the performance. It follows that the
legislature could not have intended to require implied

contracts for labor and materials to be written and recorded before the commencement of the work.

Nor does the statute expressly, or by necessary implication, prohibit an action upon such implied contracts, to recover the value of the labor or materials, though such value may exceed one thousand dollars. (See *Kiessig* v. *Allspaugh*, 91 Cal. 234.) On the contrary, section 1197 of the chapter on liens seems to except such contracts from the penalty of a failure to record.

" Sec. 1197. Nothing contained in this chapter shall be construed to impair or affect the right of any person *to whom any debt may be due for work done or mate-* rials furnished to maintain a personal action to recover such debt against the person liable therefor."

In *Holland* v. *Wilson*, 76 Cal. 434, the complaint was similar to the first count of the complaint in this action; and the answer thereto alleged as a defense " that the work and materials were done and furnished in pursuance of a written agreement, executed by the defendant and the plaintiff . . . . before the work was commenced." The plaintiff demurred to this answer, on the ground that the written contract was void because it did not appear to have been recorded, as required by section 1183 of the Code of Civil Procedure. The lower court sustained the demurrer, and gave judgment for plaintiff on the implied contract, and this court affirmed the judgment, on the ground that the written contract was void because not recorded. Yet on the theory of counsel for appellant in this action, the answer to which the demurrer was sustained was a perfect defense to that action, though the written contract pleaded had not been recorded. If the theory of the appellant here is correct, the demurrer to the answer in the case cited should have been overruled, and the plaintiff therein should not have been permitted, as he was, to "avoid the force and penalty of the statute, by suing upon a *quantum valebat* count." (See *dictum* in *Palmer* v. *White*, 70 Cal. 220.)

2. The second count is like the first, and is objected

to upon the same grounds, and therefore needs no additional consideration.

3. It is claimed for appellant that the third count, which is a special count upon the written contract, does not state a cause of action, because that contract was not recorded. But the trial court sustained this point, and plaintiff recovered nothing upon that count, and claims nothing upon it here.

4. Counsel for appellant contend, that, conceding the hotel contract to be void because not recorded, nevertheless it should have been received as conclusive evidence of the value of the labor done and materials furnished by plaintiff in the building of the hotel; and therefore that the evidence did not justify the court in finding, as it did, that the reasonable value of such labor and materials was greater than the price stated in that contract.

This means that the written contract, though not recorded, is not entirely void, but obligatory upon the parties in at least one important respect.

I think this point cannot be maintained. The question involved relates merely to the construction of section 1183 of the Code of Civil Procedure, and has been expressly and specifically decided by this court adversely to the contention of appellant. (*Kellogg* v. *Howes,* 81 Cal. 170; *Schallert-Ganahl L. Co.* v. *Neal,* 90 Cal. 214; *Willamette S. M. Co.* v. *Los Angeles College Co.,* 94 Cal. 229; *Holland* v. *Wilson,* 76 Cal. 434.)

In *Willamette S. M. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, it is said that the effect of failing to record a building contract "was to render the contract 'wholly void' for all purposes. It cannot be the basis of a recovery by the contractor against the owner, nor can it be looked to for the purpose of determining the amount for which the owner is liable, or when any payment is to be made. . . . . If the contract is 'wholly void,' there is neither a 'contract' nor an 'original contractor.' . . . . Inasmuch as by a failure to file the contract in the recorder's office it became wholly void, it was not

available as a defense for any purpose, either to determine the amount of the contract price, or to limit the liability of the appellant, or as a foundation of a right to complete the building according to its terms." And all this seems to be fairly deducible from the other cases above cited.

But even conceding that the void contract is merely competent evidence, tending to prove the value of the labor and materials, but not conclusive, its effect was only to create a conflict with other evidence tending to support the finding in question, and quite sufficient to justify it, by the rule here applicable.

5. The point that there is no finding upon the issue as to whether the labor was done and the materials furnished under and in pursuance of the alleged written contract is not well taken. The finding that the alleged contract — the only contract relied upon by defendant — never had been recorded, and was therefore wholly void, is equivalent to a finding that there was no written contract; from which it necessarily follows that no labor or materials could have been done or furnished under such contract, and that no defense to this action can be based upon it. This conclusion is not affected by the facts that a writing, corresponding in form to the alleged contract, had been signed and delivered by the parties, and that the labor may have been done and materials furnished in accordance with the terms of that paper. But in this connection, it is to be observed that if defendant's cross-complaint is true, the labor was not done according to that contract.

6. The evidence is sufficient to justify the seventh finding, to the effect that the parties had no settlement of any of the matters mentioned in the complaint, and that plaintiff did not receive any sum or sums of money paid him, in full satisfaction of any of his demands.

7. The issues arising upon defendant's counterclaim and cross-complaint are completely disposed of by the finding that the alleged written contract, upon breaches of which they solely depend, was void because not filed

in the recorder's office.   (*Holland* v. *Wilson*, 76 Cal. 434.)
Besides, the court did find that the delay in complet-
ing the work, complained of in the cross-complaint,
was not attributable to any default of the plaintiff.

Other points are made by appellant, but those of them
to which an answer may not be found under the forego-
ing heads require no special consideration.

I think the judgment should be affirmed.

BELCHER, C., and FOOTE, C., concurred.

For the reasons given in the foregoing opinion, the
judgment is affirmed.

>    DE HAVEN, J., SHARPSTEIN, J., McFARLAND, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a
hearing in Bank.