[No. 15257.   Department One.—May 14, 1894.]

## COUNTY OF SONOMA, APPELLANT, v. CITY OF SANTA ROSA, RESPONDENT.

MUNICIPAL CORPORATIONS—VIOLATIONS OF CITY ORDINANCES AND STATE LAWS—PLACE OF IMPRISONMENT—CONSTRUCTION OF CHARTER OF SANTA ROSA.—Under the charter of the city of Santa Rosa, persons found guilty of violating city ordinances should be committed to the city prison, and those found guilty of violation of the criminal laws of the state, where imprisonment is ordered, should be committed to the county jail.

ID.—EXPENSE OF LOCAL GOVERNMENT—STATUTORY CONSTRUCTION.—It is the policy of our frame of government to localize as far as can be reasonably done, not only the power, but the expense, of government, so that the expense of the county government should be borne by the whole county, and the expense of city government by the city; and if the language of a municipal charter is doubtful, or capable of different interpretations, it ought to be read in the light of our frame of government, and construed in harmony therewith, so as to require that the expense of city government should be borne by the city, and no part of it by the county at large.

ID.—LIABILITY OF CITY FOR COMMITTING PRISONERS TO COUNTY JAIL.—A city is liable to the county for board of prisoners committed to the county jail by the city recorder, for violations of the ordinances of the city.

ID.—EFFECT OF ILLEGAL COMMITMENT—COMPETENT AUTHORITY—DUTY OF SHERIFF—RECOVERY BY COUNTY.—Although commitments of prisoners to the county jail by the recorder for violations of city ordinances are illegal, yet they are made by competent authority, within the meaning of section 1611 of the Penal Code, and it is the duty of the sheriff to receive them, and to provide them with necessary food, to be paid out of the county treasury; and the county having borne the expense, which, under the law, should have been borne by the city, is entitled to recover the same from the city.

ID.—IMPRISONMENT AT REQUEST OF CITY—IMPLIED PROMISE.—A commitment to the county jail by the judicial officer of the city, though erroneous, has the force of a request, and the expense of enforcing its ordinances being imposed upon the city by law, a promise to pay therefor is implied.

APPEAL from a judgment of the Superior Court of Sonoma County.

The facts are stated in the opinion.

*Emmet Seawell*, and *Lippitt & Lippitt*, for Appellant.

*W. F. Cowan*, for Respondent.

HAYNES, C.—This is an action brought by the county of Sonoma against the city of Santa Rosa to recover three hundred and seventy-one dollars and seventy cents, alleged to have been paid by the county to the sheriff for boarding prisoners committed to the county jail by the city recorder for violations of the ordinances of the city.

A general demurrer to the complaint was sustained, and this appeal is from a judgment entered thereon against the plaintiff.

The respondent, in support of its demurrer, contends that under the city charter it has the right to commit to the county jail all persons found guilty in the recorder's court of violations of the city ordinances, and that the county is compelled to support such prisoners at its own expense, and that the city is therefore not liable.

The charter gives the recorder a dual jurisdiction: 1. The same jurisdiction over crimes and offenses committed against the state law, within the city limits, as is conferred on justices of the peace, and makes applicable to this jurisdiction of the recorder all the statutes of the state relating to the jurisdiction of justices of the peace in criminal cases, including "the processes issued by them, the trial of such cases, holding to bail, committing to prison," etc.; 2. A jurisdiction over all breaches and violations of city ordinances, with power "to fine and imprison persons adjudged guilty of such violations or noncompliance with said ordinances, or violations of the laws of the state, in the manner provided by law or the ordinances of the city. Such imprisonment shall be in the city prison, or the county jail of Sonoma county." (Stats. 1875–76, p. 257, sec. 15.)

Under this provision of the charter it is claimed the recorder may imprison violators of the city ordinances either in the city prison or the county jail at his option. But, if we have regard only to this charter provision, it is quite as clear that he has the same option in reference to violators of the criminal laws of the state; and therefore, if he chose, he could sentence any or all

offenders against the state law to imprisonment in the city prison, and all offenders against the city ordinances to imprisonment in the county jail. But it is clear that he can have no such option in regard to persons found guilty of violating the criminal laws of the state. There is not only no intention to change the criminal law of the state apparent in the charter, but the frequent reference to such laws as the source of his powers in such cases places it beyond question that no such change was intended. All offenses against the criminal laws of the state are divided into two classes: felonies and misdemeanors. (Pen. Code, sec. 16.) By section 19 of the same code it is provided: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both."

One of these classes of offenders is therefore excluded from this supposed option, and a reasonable inference would therefore be that the other place of imprisonment mentioned in the charter (the city prison) was intended for the other class of offenders, especially as the charter does not make the violation of a city ordinance a misdemeanor.

But there are other reasons for this construction. The city marshal can have no control over prisoners confined in the county jail, yet the charter of the city of Santa Rosa provides that he " shall have charge of the city prison *and prisoners,* and of any chain gang or prisoners at work under any judgment or fine imposed by the city recorder." The language is not that he shall have charge of the city prison and of the prisoners confined *therein,* but he is to have charge of the *city prisoners,* as well as of the city prison, and there is no provision in the charter giving the sheriff of the county any charge over or concerning them, unless it is found in the supposed authority to commit them to the county jail.

But a more conclusive reason for the construction we have given this provision of the charter is found in our frame of government, the policy of which is to localize, as far as can reasonably be done, not only the power, but the expense, of government.   The state is divided into counties, townships, and municipal corporations, with such limited legislative powers as are essential to each organization, and the expenses of such local governments in all matters purely local, at least, are borne by such locality.   The expense of the county government is borne by the whole county.   But a city requires a government of its own.   The laws necessary for the government of the people of the state at large lack something made necessary by the aggregation of large numbers of people.   This lack is supplied by ordinances which are not required in the rural districts and small villages.   The enforcement of these ordinances and the preservation of order requires machinery not required elsewhere, the expense of which should, and under our well-defined policy manifested clearly in our codes and statutes, as well as in the state constitution, are required to be borne by the city; and therefore if the language of the charter here in question is doubtful, or capable of different interpretations, it ought to be read in the light of our frame of government, and construed in harmony therewith, for we cannot presume that the legislature intended, after giving the city of Santa Rosa ample authority to provide means for defraying the expenses of her city government, that any part of it should be borne by the county at large.   In accordance with this policy the city is not only empowered by its charter to levy and collect taxes for the support of its city government, but the city recorder is required to pay into the city treasury all fines and penalties imposed and collected in criminal proceedings (section 15, page 258). We think the provision in question requires persons found guilty of violating city ordinances to be committed to the city prison, and those found guilty of the violation of the criminal laws of the state, where im-

prisonment is ordered, to be committed to the county jail. This construction gives full effect to the provision under consideration, and is the only construction that would bring it in harmony with the general policy of the state, and give effect to the provision in the charter placing city prisoners under the care and control of the marshal.

Respondent (the city of Santa Rosa) contends, however, that if the charter authorized the commitment of city prisoners to the county jail, that plaintiff cannot recover, since, under the law, the county is chargeable with the support of prisoners confined therein, and, if they were illegally committed to the county jail by the recorder, such illegal commitment could not raise an implied contract on the part of the city to support them; so that in either case the city is not liable.

If the second premise above stated is correct, the conclusion is inevitable. Section 1611 of the Penal Code provides: "The sheriff must receive all persons committed to jail by competent authority, and provide them with necessary food . . . . to be paid out of the county treasury."

It is contended that if the charter does not authorize the commitment to the county jail of persons found guilty of the violation of city ordinances, such commitments are in excess of his jurisdiction, and void, and are not made by *competent authority;* that the plain duty of the sheriff, under such circumstances, is to *refuse to receive* the prisoner. But counsel are wrong in this construction. The commitments were *illegal,* but were nevertheless made by "competent authority." By competency is meant the legal power or capacity to take cognizance of a cause, as, for example, the competency of a judge or court to examine and decide.

In the case of *People ex rel. Tweed* v. *Liscom,* 3 Hun, 760, 778, the words, "competent tribunal," used in the *habeas corpus* act of the state of New York, were construed to mean "a tribunal having jurisdiction of the subject matter and the person."

That the city recorder had jurisdiction to try and punish these persons is not disputed, and that constitutes "competent authority." That he erred did not affect the character of the tribunal. All that the sheriff was bound to know was that the city recorder had jurisdiction. That the recorder could, in some cases at least, legally commit prisoners to the county jail was beyond question, and the sheriff could have no authority to sit in judgment and determine whether, in any given case, the recorder had exceeded his jurisdiction. If respondent's construction is correct, it would apply as well to commitments made by the superior court, and would equally justify the sheriff in refusing to receive the prisoner if the court erred in imposing the punishment. If that construction should prevail, the liability of the county for the support of a prisoner committed by the superior court would be made to depend, not upon the jurisdiction of that court over the offense and the person of the offender, but upon the question whether the court erred in the exercise of its jurisdiction as to the sentence pronounced. But it is hardly consistent for respondent to urge (as it does in the other branch of the case) that the commitment was improper, and because the sheriff did not detect its error and refuse to receive these prisoners, that he should not be compensated for their support, for upon its theory neither the city nor county could be liable; the city, because it did not promise to pay, and the county, because the commitment was not by "competent authority."

But, as we construe the charter, the county has borne an expense which, under the law, should have been borne by the city. It is said, however, that the complaint does not allege that these prisoners were received "at the request of the city." But the complaint alleges the facts which show they were so received. A commitment by the judicial officer of the city ought, though erroneous, to have at least the force of a request, and the expense of enforcing its ordinances being imposed upon the city by law, a promise to pay therefor is implied.

The judgment appealed from should be reversed, with directions to overrule the demurrer.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is reversed, and the court directed to overrule the demurrer to the complaint.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.