[Civ. No. 19536.   Second Dist., Div. Three.   June 15, 1953.]

CITY OF PASADENA, Appellant, v. COUNTY OF LOS ANGELES, Respondent.

Frank L. Kostlan, City Attorney, and Robert E. Michalski, Assistant City Attorney, for Appellant.

Harold W. Kennedy, County Counsel, and John B. Anson, Deputy County Counsel, for Respondent.

VALLÉE, J.—Appeal by plaintiff from an adverse judgment in an action brought to recover the expense paid by plaintiff in feeding, clothing, and caring for prisoners arrested by Pasadena police officers for alleged felonies and confined in the Pasadena city jail.

Between January 1, 1937, and September 30, 1951, the police of Pasadena arrested a number of persons in Pasadena for alleged felonies. These persons were confined by the Pasadena police in the Pasadena city jail pending arraignment and remand to the custody of the sheriff of Los Angeles county. During the period they were so confined, Pasadena paid the expense of feeding, clothing, and caring for them. A claim was duly filed with the board of supervisors for such expense and that of maintaining these prisoners during the periods of their incarceration in the Pasadena jail. The claim was neither approved nor rejected and this action was filed. At the trial, plaintiff conceded that if re-

covery be had it should be limited to the expense incurred within two years of the commencement of the action.

The county has, at all times, maintained a sheriff's substation at Altadena, a municipality adjoining Pasadena on the north, to which the Pasadena police could have transferred the prisoners to the custody of the sheriff, in lieu of confining them in the Pasadena city jail prior to their arraignment and transfer to the custody of the sheriff. There was no statute imposing this expense on the county, and there was no express contract between the city and the county covering the care and maintenance of the prisoners. The court found it is not true that the maintenance of these prisoners by Pasadena in its city jail was done and performed at the request of the county.

Pasadena concedes that "one who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which itself finds authority of law. It is not sufficient that the services performed, for which payment is claimed, were beneficial." It asserts that since it bore an expense which, under the law, should have been borne by the county, a promise to pay is implied.

█ The county jail is the proper place of confinement of a person accused of a felony pending the examination of the charge, and pending and until the completion of a trial of the charge. (21 Cal.Jur. 446, § 7.) █ The statutes contemplate that persons arrested and detained for violation of state law shall be confined in the county jail and that their care and maintenance shall be provided by the county. (Pen. Code, § 4000 et seq.) It was the duty of the sheriff to receive these prisoners; and it was the duty of the board of supervisors to provide the sheriff with necessary food, clothing, and bedding for them. (Pen. Code, §§ 142, 4015; 13 Ops. Cal.Atty.Gen. 120.)

Plaintiff may not recover unless on the facts an implied contract arose as a matter of law. An implied contract "is one, the existence and terms of which are manifested by conduct." (Civ. Code, § 1621.) █ As said in *Rebman* v. *San Gabriel Valley L. & W. Co.,* 95 Cal. 390, 393 [30 P. 564] : "An implied contract arises only from the request of one party and performance by the other, though the request is often inferred from the circumstances attending the performance." █ An implied contract is consensual in nature.

" 'In general an implied contract, in no less degree than an express contract, must be founded upon an ascertained agreement of the parties to perform it, the substantial difference between the two being in the mere mode of proof by which they are to be respectively established. . . . The true implied contract, then, consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words." (*Silva* v. *Providence Hospital of Oakland,* 14 Cal.2d 762, 773 [97 P.2d 798].)

Whether a contract may be implied is a question of fact. (*Silva* v. *Providence Hospital of Oakland,* 14 Cal.2d 762, 774 [97 P.2d 798].)

The general rule is that a public corporation is liable for prison expenses when, and only when, such liability is imposed by statute, and that in no case may a public corporation be held liable for prison expenses merely by implication. (72 C.J.S. 909, § 26.) The general rule that a contract may not be implied does not seem to be the rule in this state, as appears from *County of Sonoma* v. *Santa Rosa,* 102 Cal. 426 [36 P. 810], on which both parties rely. The question in that case was whether the city of Santa Rosa was liable to the county for the board of prisoners committed to the county jail by the city recorder for violation of ordinances of the city. In holding the city liable, the court stated (p. 431) :

"But, as we construe the charter, the county has borne an expense which, under the law, should have been borne by the city. It is said, however, that the complaint does not allege that these prisoners were received 'at the request of the city.' But the complaint alleges the facts which show they were so received. A commitment by the judicial officer of the city ought, though erroneous, to have at least the force of a request, and the expense of enforcing its ordinances being imposed upon the city by law, a promise to pay therefor is implied." A contract will not be implied where a person, without the knowledge, direction, or assent of the proper authorities of the county, voluntarily performs services which may be of benefit to the county. (*County of Tulare* v. *City of Dinuba,* 205 Cal. 111 [270 P. 201] ; 20 C.J.S. 1048, § 204.)

In the present case, neither the board of supervisors nor the sheriff of the county of Los Angeles made any order, or gave any consent, or requested, that these prisoners should be confined in the Pasadena jail, or that they should there be furnished with care and maintenance. There are no circumstances attending their incarceration from which a re-

quest may be inferred. Pasadena apparently voluntarily cared for and maintained them. Under such circumstances, no implied contract arose and the county is not liable for such expense.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.